# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **K.M., B.M., and P.F.**

**No. 16-1173** (Mingo County 16-JA-41, 16-JA-42, & 16-JA-43)

**FILED**

**June 16, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother R.M., by counsel Susan J. Van Zant, appeals the Circuit Court of Mingo County's December 6, 2016, order terminating her parental rights to K.M, B.M., and P.F.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Diana Carter Wiedel, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2016, the DHHR filed an abuse and neglect petition against petitioner and her boyfriend.[2] The petition alleged that petitioner, the boyfriend, and the children lived in a camper without food, water, or electricity. The petition further alleged that B.M. disclosed to her biological father that the boyfriend was sexually abusing her and her sister, K.M. According to the petition, the biological father took B.M. and K.M. to Cabell Huntington Hospital for a forensic physical examination. The physical examination did not show physical evidence of abuse. The petition further alleged that petitioner and the boyfriend engaged in domestic violence in the children's presence.

In May of 2016, the circuit court held a preliminary hearing wherein it heard testimony from a DHHR worker, petitioner, and the boyfriend. The DHHR worker testified that forensic interviews were conducted at the Mingo County Child Advocacy Center ("CAC") and both K.M.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner's boyfriend, G.F., is the father of P.F.

1

and B.M. disclosed to the interviewer that the boyfriend sexually abused them. According to the DHHR, B.M. accused the boyfriend of having sex with her and trying to kiss her. B.M. told the interviewer that petitioner and the boyfriend engaged in sexual intercourse and domestic violence in the children's presence and that there was no food or water in their home. B.M. also told the interviewer that petitioner was aware of the sexual abuse. Both petitioner and the boyfriend denied the sexual abuse and the domestic violence allegations. Based on the evidence presented, the circuit court found, by clear and convincing evidence, that B.M. and K.M. suffered "horrific sexual abuse" and that petitioner was aware of the abuse.

In June of 2016, the circuit court held an adjudicatory hearing during which no further witness testimony was presented. The circuit court found that the children had been abused and neglected. The circuit court also found that petitioner failed to protect the children from the abuse perpetrated by the boyfriend and that the home was in a deplorable condition. Petitioner requested an improvement period; and the motion was "emphatically denied" by the circuit court.

In November of 2016, the circuit court held a dispositional hearing. The CAC interviewer testified that she interviewed B.M. and K.M. separately and each child made "disturbing disclosures" of sexual abuse by the boyfriend. According to the interviewer, B.M. and K.M. disclosed that the boyfriend did "bad things" to them, which B.M. later identified as "S.E.X." B.M. disclosed that the boyfriend "pulled down his pants," had sex with her, and tried to kiss her. She told the interviewer that the boyfriend "hurts her," "f****s her," and let another boy "[screw] her and her sister like dogs." B.M. also disclosed that the boyfriend "touched her a 100 [sic] times on her boobs, monkey,[3] and butt" and threatened to kill and "bury her." Finally, B.M. reported that petitioner was aware of the sexual abuse and told the boyfriend to "stop doing that. She is a kid." K.M. told the interviewer that the boyfriend "licked her monkey." Based on the evidence presented, the circuit court found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect, terminated her parental rights to the children, and denied her motion for a post-adjudicatory improvement period by order entered on December 6, 2016.[4] It is from that order that petitioner appeals.

The Court has previously established the following standard of review in a case such as this one:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a

---

[3]Both B.M. and K.M. used the term "monkey" to indicate their vaginas.

[4]The parental rights of both parents to P.F. were terminated below. Additionally, petitioner's parental rights to K.M. and B.M. were terminated below. J.M., the father of B.M. and K.M., was a non-offending parent. The guardian states that all three children were placed in J.M.'s home and the permanency plan is adoption into that home.

2

reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period or in its finding that the children were abused.

Petitioner argues on appeal that the circuit court erred in denying her motion for a post-adjudicatory improvement period. In support of her argument, petitioner asserts that she "could have benefitted" from parenting and adult life skills classes, substance abuse treatment, and visitation with the children. Upon our review, however, the Court finds that petitioner failed to satisfy the applicable burden to obtain an improvement period. Regarding whether an improvement period should be granted, we have often noted that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 778 S.E.2d 338 (2015) (stating that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements"). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period . . . .'" *In re: Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004).

Here, it is clear from the record that petitioner failed to demonstrate her ability to fully participate in an improvement period. In fact, petitioner denied the allegations of sexual abuse despite the evidence to the contrary. Although she denied the allegations during the proceedings, the circuit court was presented with evidence that petitioner was aware that the boyfriend was sexually abusing B.M. and K.M. and that she asked him to stop the abuse.

Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.,* 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *Charity H.,* 215 W.Va. at 217, 599 S.E.2d at 640). Petitioner failed to acknowledge the issues giving rise to the abuse and neglect allegations against her. Furthermore, it is clear that petitioner failed to establish that she would fully participate in a post-adjudicatory improvement period and we find no error in the circuit court denying petitioner's motion.

Petitioner also argues on appeal that the circuit court erred in terminating her parental rights because there was not sufficient credible evidence "to make a finding that the children were abused by clear and convincing evidence." This Court does not agree. We have described the "clear and convincing" standard as one in which

> the evidence does not have to satisfy the stringent standard of beyond a reasonable doubt; the evidence must establish abuse by clear and convincing evidence. This Court has explained that "'clear and convincing' is the measure or degree of proof that will produce in the mind of the factfinder a firm belief or conviction as to the allegations sought to be established." *Brown v. Gobble,* 196 W.Va. 559, 564, 474 S.E.2d 489, 494 (1996)

*In re F.S. and Z.S.*, 233 W.Va. 538, 546, 759 S.E.2d 769, 777 (2014). The evidence below, including the children's testimony, was sufficient to establish that the children were abused. Regarding credibility, we have held that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997). As such, it is clear that the circuit court had sufficient evidence upon which to find that the children were abused. Accordingly, we find no error below.

Moreover, the circuit court terminated petitioner's parental rights because it found that she failed to remedy the conditions of abuse and neglect in the home. These findings were based on substantial evidence including evidence that petitioner was aware of the sexual abuse and denied it. Pursuant to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

Based upon the substantial evidence outlined above, the circuit court found there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect because she continued to deny that her children had been sexually abused. The circuit court further found that termination of petitioner's parental rights was necessary for the children's welfare. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate a parent's parental rights upon such findings. Accordingly, we find no error below.

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 6, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**:  June 16, 2017


**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker